UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
)
PANHANDLE IRON & SCRAP, INC., ) CHAPTER 11
) CASE NO. 16-10012
DEBTOR-IN-POSSESSION. )

## AFFIDAVIT OF JOSEPH DONOVAN
## CHIEF EXECUTIVE OFFICER OF PANHANDLE IRON & SCRAP, INC.
## IN SUPPORT OF FIRST DAY MOTIONS AND APPLICATIONS

STATE OF ALABAMA,
COUNTY OF HOUSTON.

JOSEPH DONOVAN, being duly sworn, deposes and says:

1. I am the Chief Executive Office ("CEO") of PANHANDLE IRON & SCRAP, INC. ("PANHANDLE"), a Debtor and debtor in possession before the Court, and I am responsible for the oversight of the financial affairs of the Debtor and Debtor in Possession. In that capacity, I am generally familiar with the day-to-day operations, businesses, financial affairs and books and records of the Debtor.

2. The Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code. In order to minimize the adverse effects of commencement of PANHANDLE's Chapter 11 case, we are requesting various types of relief in a number of "first day" motions and applications (collectively "First Day Motions"). The relief sought in the First Day Motions is intended to, among other things, maintain the ability to continue business operations with minimal disruption, to maintain employee morale and customer confidence and to prevent unnecessary harm to the bankruptcy estate and creditors as a result of this filing. Each of the First Day Motions are crucial to the reorganization and

will assist in satisfying these concerns as much as possible.

3. This affidavit is submitted in support of the First Day Motions. All of the facts set forth herein are based on my personal knowledge, upon information supplied to me by others employed by the Debtor, upon my review of documents, or upon my opinion based upon my experience and knowledge of the Debtor's operations, financial condition and its present liquidity crisis. If I were called upon to testify before the Court, I could and would testify competently to the facts set forth herein. I am further duly authorized to submit this affidavit.

## Summary of Operations

4. PANHANDLE operates and manages a catalytic converter recycling business.

## Facts in Support of First Day Motions

5. Concurrently with the filing of the Chapter 11 case, we have filed a number of First Day Motions pertaining to operational and restructuring activities. I have reviewed each of the First Day Motions (including all exhibits) and believe that the relief sought in each is necessary (a) to operate in Chapter 11 with a minimum of disruption or loss of revenue and (b) constitutes a critical element in enabling them to successfully reorganize. Each of the First Day Motions and the necessity of the relief requested in each are discussed below:

### A. Motion for Expedited Hearings on Substantive First Motions

Due to the potential harm that could result in the event of delay, I believe that it is essential that the First Day Motions be addressed as soon as possible and on an expedited basis by the Court so that the relief requested in each First Day Motion can be promptly granted. Accordingly, we will be able to continue operating without undue disruption and without unnecessary prejudice to the estate or any interested party therein.

### B. Application to employ Espy, Metcalf & Espy, P.C. as attorneys for Debtor

We seek to retain Cameron A. Metcalf of the firm Espy, Metcalf & Espy, P.C. as bankruptcy counsel because of the firms extensive experience and knowledge in the field of debtor's rights and business reorganizations under Chapter 11 of the Bankruptcy Code; and their expertise, experience and knowledge in practicing before this Court. In preparing for this case, the firm has become familiar with the business and affairs and many of the potential legal issues that may arise in the context of this Chapter 11 case. Accordingly, I believe that Espy, Metcalf & Espy, P.C., is both well qualified and uniquely able to represent us in this Chapter 11 case in a most efficient and timely manner.

### C. Motion to Permit Payment of Pre- and Post-Petition Accounts for Electrical Service/Utilities

In connection with the operation of our businesses, we must obtain electricity, water, telephone services and/or similar services through accounts with various utility companies (the "Utility Companies").

Uninterrupted services are essential to ongoing operations and consequently to the success of our reorganization. Our operations, as described above, simply cannot function without utility services. Should the Utility Companies refuse or discontinue services for even a brief period, operations would be severely disrupted. The impact on business operations, revenue and reorganization efforts would be extremely harmful and would jeopardize our reorganization efforts. Accordingly, I believe it is critical that utility services continue uninterrupted.

We believe that a procedure put into place to adequately assure the Utility Companies of payment for their pre- and post-petition services is essential for the continued operation of our

businesses. But for the filing of the petition, we would only owe essentially a month of services to the various companies listed in the Motion. We have substantially always paid the Utility Companies on a current, timely basis. Therefore, I believe the immediate entry of an order by the Court deeming all the Utility Companies adequately protected under §366 of the Bankruptcy Code by adequate assurance of payment by other available means is essential to our reorganization efforts. The utilities provided are by Dothan Utilities and Time Warner Cable.

### D. Motion for Order (I) Authorizing Debtors to Use Cash Collateral Pursuant to 11 U.S.C. Section 363(c)(2)

We further have need to use certain Cash Collateral of our Existing Lender Wells Fargo, in order to continue to operate successfully. We have offered to provide adequate protection to our existing lenders under §§363(e) and 364(d) of the Bankruptcy Code, the terms of which are described in the Motion. We believe that these measures adequately protect the Existing Lenders and ourselves and have therefore met burdens of proof under §§ 363(c) and (d) of the Bankruptcy Code. Accordingly, I believe that this necessary relief should be granted.

Due to the immediate need for working capital and use of Cash Collateral, we have requested preliminary hearings and entry of an interim order until such time as a final hearing on the Cash Collateral Motion can be held. Without such immediate relief, our businesses cannot operate and the likelihood of success of these reorganizations will be greatly diminished, if not eliminated. Therefore, I believe that immediate entry of an interim order granting the Motion and immediately setting the Motion for a final hearing is essential to the continued viability of these companies.

### E. Motion for Order, Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration

The Debtor seeks joint administration of these Chapter 11 cases for procedural purposes only,

Page 4 of 5

Case 16-10012   Doc 10   Filed 01/05/16   Entered 01/05/16 17:01:22   Desc Main
Document      Page 4 of 6

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates.

The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor will still have its claim against a particular estate. Nevertheless, the rights of all creditors will be enhanced by the reduction in costs from the joint administration. Based upon my review, the Debtors are estimated to have in excess of 4000 creditors, and the number of interested parties warrant joint administration of these cases in the interest of efficiency. The court will also be relieved of the burden of entering duplicative orders and maintaining redundant files. Furthermore, supervision of the administrative aspects of these Chapter 11 cases by the Bankruptcy Administrator's office will be simplified.

I believe that joint administration of the Debtors' Chapter 11 cases is in the best interest of the Debtors, their estates and all parties in interest, and should be granted in all respects.

I believe it is the best interest of PANHANDLE's business and reorganization efforts for these First Day Motions be approved by the Court.

FURTHER THE AFFIANT SAYETH NOT.

_____
Joseph Donovan, CEO of
PANHANDLE IRON & SCRAP, INC.

SWORN AND SUBSCRIBED before me this 5th day of January, 2016.

_____
Notary Public
My Commission Expires: **My Commission Expires July 7, 2018**

Page 5 of 5

| | | |
|---|---|---|
| PANHANDLE IRON & SCRAP, INC.<br>868 MURRAY ROAD<br>DOTHAN AL 36303 | ADVANCED FIRE & SAFETY INC<br>2390 WESTGATE PKWY<br>DOTHAN AL 36303 | ADVANCED SCALE COMPANY LLC<br>P.O. BOX 70192<br>ALBANY GA 31708 |
| AMERICAN EXPRESS<br>P.O. BOX 650448<br>DALLAS TX 75265-0448 | BRINKS INCORPORATED<br>P.O. BOX 101031<br>ATLANTA GA 30392-1031 | COFFMAN INTERNATIONAL, INC.<br>4185 ROSS CLARK CIRCLE<br>DOTHAN AL 36303 |
| FERRALLGAS<br>P.O. BOX 173940<br>DENVER CO 80217-3940 | GETS INC.<br>P.O. BOX 1922<br>DOTHAN AL 36302-1922 | HOME OIL COMPANY<br>5744 EAST US HWY 84<br>COWARTS AL 36321 |
| PANHANDLE CONVERTER RECYCLING<br>868 MURRAY ROAD<br>DOTHAN AL 36303 | PERIMETER SECURITY SYSTEMS INC<br>1000 UPPER ASHBURY AVENYE<br>CHARLOTTE NC 28206 | PORTABLE TOILET SERVICES<br>P.O. BOX 1127<br>DOTHAN AL 36302 |
| REGIONS COMMERCIAL LOAN DEPT<br>P.O. BOX 2224<br>BIRMINGHAM AL 35287-2521 | TEREX FINANCIAL SERVICES<br>12460 COLLECTIONS CENTER DRIVE<br>CHICAGO IL 60693 | TERMINEX<br>P.O. BOX 742592<br>CINCINNATI OH 45274-2592 |
| THOMPSON TRACTOR CO INC<br>P.O. BOX 934005<br>ATLANTA GA 31193-4005 | TIME WARNER CABLE<br>P.O. BOX 70872<br>CHARLOTTE NC 28272-0872 | UNIFIRST CORPORATION<br>208 S EDGEWOOD DRIVE<br>DOTHAN AL 36301 |
| WELLS FARGO C/O ERIC L. PRUITT, ESQ.<br>420 20TH STREET NORTH<br>1400 WELLS FARGO TOWER<br>BIRMINGHAM AL 35203 | WELLS FARGO EQUIPMENT FINANCE<br>733 MARQUETTE AVENUE, STE 700<br>MINNEAPOLIS MN 55402 | ATTORNEY GENERAL OF UNITED STATES<br>950 PENNSYLVANIA AVENUE NW<br>WASHINGTON DC 20530-0001 |
| SECRETARY OF TREASURY<br>15TH AVENUE PENNSYLVANIA NW<br>WASHINGTON DC 20220 | U.S. DEPT OF JUSTICE<br>P.O. BOX 14198<br>WASHINGTON DC 20044 | U.S. SECURITIES & EXCHANGE COMM<br>ATLANTA REGIONAL OFFICE<br>3475 LENOX ROAD, NE, STE 1000<br>ATLANTA GA 30326 |
| UNITED STATES ATTORNEY<br>MIDDLE DISTRICT OF ALABAMA<br>PO BOX 197<br>MONTGOMERY AL 36101-0197 | | |